IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOLLENE C.,[1]

               Plaintiff,

    v.

KILOLO KIJAKAZI, Commissioner of Social Security,

               Defendant.

Case No. 3:22-cv-00352-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Dollene C. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g), and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Court reverses the ALJ's decision and remands for the immediate calculation and payment of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.    PLAINTIFF'S APPLICATION**

Plaintiff was fifty-three years old on May 1, 2018, her amended alleged onset disability date, and has at least a high school education. (Tr. 21, 51, 94.) Plaintiff alleges disability due to both mental and physical impairments. With respect to mental impairments, she alleges she suffers from major depressive disorder, borderline personality disorder, major anxiety disorder, post-traumatic stress disorder, major neurocognitive disorder, auditory processing disorder, schizophrenia, mood disorder, and cyclothymia disorder. (Tr. 115.) With respect to physical

impairments, she alleges severe disc degeneration, disc herniation, brachial neuritis and radiculitis, spinal stenosis, fibromyalgia, Meniere's disease, tinnitus, bruxism, and diverticulosis. (*Id.*)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on July 17, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 113, 135, 208.) Plaintiff, her attorney, and a vocational expert ("VE") appeared by telephone and testified at an administrative hearing on June 30, 2020. (Tr. 67-89.) On July 24, 2020, the ALJ issued a written decision denying Plaintiff's application. (Tr. 140-51.)

On October 29, 2020, the Appeals Council vacated and remanded the ALJ's decision. (Tr. 159-61.) The Appeals Council directed the ALJ further to evaluate Plaintiff's work activities and mental impairments, reevaluate the medical source opinions, further consider Plaintiff's residual functional capacity ("RFC"), and obtain supplemental evidence from a VE. (Tr. 7-8.) The ALJ held another telephonic hearing with Plaintiff, her attorney, and a VE on February 17, 2021. (Tr. 29-59.)

On March 10, 2021, the ALJ issued a written decision again denying Plaintiff's application. (Tr. 7-22.) On January 26, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 60-62.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.     THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social

PAGE 3 – OPINION AND ORDER

Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 7-22.) At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity from April to June 2019 and from April to June 2020. (Tr. 10.) The ALJ also found that there were continuous twelve-month periods in which Plaintiff was not engaged in substantial gainful activity after June 2020. (*Id.*) At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: "degenerative disc disease, neurocognitive disorder, and depression." (Tr. 11.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. 12.)

PAGE 4 – OPINION AND ORDER

The ALJ then concluded that Plaintiff had the RFC to perform medium work "lifting and carrying 50 pounds occasionally and 25 pounds frequently, standing and/or walking up to six hours in a workday, and sitting for six hours in a workday, except she is further limited to no more than frequent stooping and no more than occasional climbing." (Tr. 14.) The ALJ also limited her to "simple, repetitive, routine tasks with no more than occasional contact with supervisors, co-workers and the general public." (*Id.*) At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (Tr. 21.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that she could perform, including work as an industrial cleaner, laundry worker, and prep cook. (Tr. 22.)

**DISCUSSION**

On appeal, Plaintiff argues that the ALJ made five errors: (1) at step two, the ALJ failed to address Plaintiff's auditory processing disorder; (2) the ALJ failed to include all of Plaintiff's limitations in the RFC; (3) the ALJ improperly rejected medical opinion evidence; (4) the ALJ improperly rejected lay witness testimony; and (5) the ALJ improperly rejected Plaintiff's subjective symptom testimony. (*See* Pl.'s Opening Br., ECF No. 16.)

The Commissioner agrees that the ALJ committed harmful legal error and that substantial evidence does not support the ALJ's decision. (*See* Def.'s Br. & Mot. Remand ("Def.'s Br.") at 1-2, ECF No. 23.) However, the Commissioner does not directly address any of the specific errors Plaintiff identified in her opening brief. (*See id.*) Consistent with the Commissioner's concessions, the Court finds that the ALJ erred as Plaintiff has alleged. *See Johnny T. v. Berryhill*, No. 6:18-cv-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) ("[T]he Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those

PAGE 5 – OPINION AND ORDER

issues. A contrary finding would force Plaintiff to relitigate the same issues if he appeals the ALJ's next decision when he has already spent the time and resources on those issues in this appeal. Parties do not have the luxury of picking and choosing which arguments they want to address now, and which they prefer to save for later. It is the Commissioner's burden to defend its decision below and failing to address the merits of Plaintiff's arguments does not mean that those decisions can be contested in the future.") (citations omitted); *see also Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) (holding that the court will not "independently review and assess [p]laintiff's arguments where the Commissioner has not done so on review").

Thus, the only issue before the Court is the proper remedy: remand for further administrative proceedings or remand for the payment of benefits. *See Johnny T. v. Berryhill*, No. 6:18-cv-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) (holding that in light of "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony[,] . . . the only issue is whether the case should be remanded for an immediate award of benefits" and "find[ing] that it should") (citations omitted).

## I.  REMEDY

The Court finds that the credit-as-true standard is satisfied here and that remand for the payment of benefits is appropriate.

### A.  Applicable Law

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In several cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of

PAGE 6 – OPINION AND ORDER

discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citation omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020 (citations omitted). Even when the credit-as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

### B. Analysis

The Commissioner concedes that the ALJ committed harmful legal error and that the ALJ's decision was not supported by substantial evidence. (*See* Def.'s Br. at 1-2.) For the purpose of the remedy analysis, the Court agrees. The Court further finds that the fully developed record demonstrates that the erroneously rejected evidence includes limitations that would preclude Plaintiff from performing substantial gainful activity and that further administrative proceedings would serve no useful purpose here.

First, the Commissioner has acknowledged that the ALJ erred by, *inter alia*, failing to provide legally sufficient reasons supported by substantial evidence for discounting the medical opinion evidence. (*See* Def.'s Br. at 1-5.) Thus, that prong of the credit-as-true standard is satisfied here. *See Michael P. v. Berryhill*, No. 3:18-cv-00902-YY, 2019 WL 3210096, at *2 (D. Or. June 27, 2019) ("[T]he first requisite of the *Garrison* test is met, as the Commissioner

PAGE 7 – OPINION AND ORDER

concedes the ALJ erroneously assessed the medical opinion evidence."), *adopted*, 2019 WL 3206842 (D. Or. July 16, 2019).

Second, the record has been fully developed, including treatment notes from Plaintiff's multiple providers spanning the relevant time period, opinions from several medical sources, and Plaintiff's testimony about the severity and effects of her impairments. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1104 (9th Cir. 2014) (holding that to determine whether the record is fully developed, the court looks to whether there are "*significant factual* conflicts in the record") (emphasis added). The Commissioner argues that the Court should remand for further administrative proceedings to allow the ALJ to reevaluate Plaintiff's application for a third time, including updating the record, reassessing the medical evidence, offering Plaintiff a new hearing, reassessing Plaintiff's subjective symptom testimony, and making a new finding as to Plaintiff's residual functional capacity. (*See* Def.'s Br. at 4-5.) The Commissioner argues that "the medical opinions are divided on the issue" of Plaintiff's disability, and highlights aspects of Plaintiff's testimony the ALJ previously discounted. (*See id.* at 7-8.) However, the Commissioner has already acknowledged that the ALJ erred in evaluating the medical opinions and Plaintiff's symptom testimony. In addition, the ALJ has now had two opportunities to weigh the medical opinions and symptom testimony, and Plaintiff's application has been pending for over five years. *See Garrison*, 759 F.3d at 1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that and for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis."); *Tanya P. v. Comm'r, Soc. Sec. Admin.*, No. 6:18-cv-00158-HZ, 2019 WL 4567580,

PAGE 8 – OPINION AND ORDER

at *11 (D. Or. Sept. 20, 2019) (remanding for payment of benefits where "there have already been multiple hearings at the agency level and the Appeals Council has already sent the issue back to the ALJ once for additional analysis"); *Shawn G. v. Kijakazi*, No. 3:20-cv-57-SI, 2021 WL 3683878, at *5 (D. Or. Aug. 19, 2021) ("Because the ALJ twice improperly discredited [a medical source's] opinion and made the same errors when reevaluating [his] opinion that the Court identified during the Court's review of the ALJ's original decision, the Court does not believe that giving the ALJ a *third* opportunity to evaluate [that provider's] testimony will serve a useful purpose."); *Michael P.*, 2019 WL 3210096, at *3 ("Plaintiff . . . has spent the past eight years locked in a perpetual cycle of ALJ errors and remands. The caselaw in this circuit does not support remanding this case to give the Commissioner another opportunity to meet its burden." (citing *Benecke*, 379 F.3d at 595 and *Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1165 (D. Or. 2015))); *Frank v. Berryhill*, No. 3:16-cv-02350-HZ, 2018 WL 1710442, at *5 (D. Or. Apr. 5, 2018) (holding that "[f]urther inquiry would not serve any purpose" where the Appeals Council had previously remanded the case to the ALJ); *cf. Rustamova*, 111 F. Supp. 3d at 1165 ("[A]llowing the Commissioner a third opportunity to try to meet her burden at step five would create the very 'heads we win; tails, let's play again' system of disability benefits adjudication' that the Ninth Circuit has repeatedly cautioned against." (quoting *Benecke*, 379 F.3d at 595)).

      The Court specifically finds that further proceedings would serve no useful purpose here because Dr. Jerrold Snow's opinion alone requires a finding of disability. The Commissioner does not contest Plaintiff's argument that the ALJ erred in evaluating Dr. Snow's opinion. Based on his treatment relationship with Plaintiff, Dr. Snow opined that Plaintiff is unable to work

more than twenty-four hours a week as a result of her impairments.[2] (Tr. 940-41.) If this improperly discredited medical opinion evidence is credited as true, the ALJ would be required to find Plaintiff disabled because she cannot perform work on a regular and continuing basis. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."); *Tanya P.*, 2019 WL 4567580, at *10 (reversing and remanding for payment of benefits where an examining source's opinion that the claimant would be unable to maintain regular attendance or complete a normal workweek without interruptions from psychologically based symptoms was "sufficient evidence that Plaintiff could not perform work on a regular and continuing basis" (citing SSR 96-8p)); *Connie T. v. Berryhill*, No. 6:17-cv-01967-YY, 2019 WL 2419461, at *4 (D. Or. June 10, 2019) ("[I]f the discredited evidence is credited as true, the ALJ would be required to find plaintiff disabled based on [the medical] opinion. . . . Crediting [the medical] opinion compels a finding that plaintiff was unable to sustain work activities on a 'regular and continuing basis.'" (quoting SSR 96-8p))); *Fulsaas v. Berryhill*, No. 3:17-cv-00296-PK, 2018 WL 2091357, at *11 (D. Or. Mar. 22, 2018) (reversing and remanding for an award of benefits where an improperly discredited opinion "on its own is sufficient evidence to demonstrate that [the claimant] could not perform any work on a regular and continuing basis" (citing SSR 96-8p)); *see also Garrison*, 759 F.3d at 1022-23 (reversing and remanding for an award of benefits where the "ALJ failed to provide a legally sufficient reason to reject [the claimant's] testimony and the opinions of her treating and examining medical caretakers" and the improperly discredited evidence, when credited as true, makes "clear that the ALJ would be required to find [the claimant] disabled on remand").

---

[2] Dr. Snow's opinion is corroborated by, *inter alia*, Dr. James Johnson's opinion that Plaintiff's mental impairments preclude her from retaining full-time employment. (*See* Tr. 20, 1054-55.)

The record as a whole does not create serious doubt as to whether Plaintiff is disabled within the meaning of the Social Security Act, and therefore the Court remands this case for the immediate calculation and payment of benefits. *See Varela v. Saul*, 827 F. App'x 713, 714 (9th Cir. 2020) (reversing district court opinion remanding for further proceedings and instead remanding with instructions to "remand to the Commissioner of Social Security for an award of benefits" where "crediting [the treating physician's] opinion as true, there is no doubt that [the claimant] was disabled").

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS the Commissioner's motion to remand (ECF No. 23), REVERSES the Commissioner's decision, and REMANDS this case for the immediate calculation and payment of benefits.

**IT IS SO ORDERED.**

DATED this 12th day of July, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge